UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

KEVIN GERIEN,

        Plaintiff,

    -v-

245 ASSOCIATES,

        Defendant.

-------------------------------------------------------x



No. 10 Civ. 8109 (LTS)(MHD)

### ORDER

        The parties in the above-captioned matter have indicated to the Court that they have reached a settlement agreement ("Settlement Agreement") in the above-captioned matter, brought pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law.  By letter dated April 25, 2011, the parties submitted the fully-executed Settlement Agreement and a stipulation of dismissal with prejudice.  The parties have requested that the Settlement Agreement be reviewed in camera and that it remain confidential and not be filed.

        Although the standard for approval of an FLSA settlement is lower than for a Rule 23 settlement, judicial approval of FLSA settlements is nonetheless required.  See, e.g., deMunecas v. Bold Food, LLC, No. 09 Civ. 440 (DAB), 2010 WL 3322580, at *6-7 (S.D.N.Y. August 23, 2010).  Because the FLSA requires judicial oversight of settlements, such agreements are presumptively judicial documents and therefore implicate the common law right of access and qualified First Amendment right to judicial documents.  See Joo v. Kitchen Table Inc., No. 09 Civ. 5402 (RJH), 2011 WL 445837, *2 (S.D.N.Y. Feb. 3, 2011).  Indeed, there is an "overwhelming consensus" among district courts that "an FLSA settlement cannot be sealed absent some showing

that overcomes the presumption of public access." Id. at *3.

        The parties are therefore directed to, by **May 12, 2011**, revise or supplement their submission to justify their request that the Settlement Agreement remain confidential in light of the authority described above.


        SO ORDERED.


Dated: New York, New York
      April 27, 2011

                        LAURA TAYLOR SWAIN
                        United States District Judge