USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 13 MAY 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KEVIN GERIEN,

                               Plaintiff,         Case No.: 10-cv-08109 (LTS) (MHD)

        -against-

245 ASSOCIATES,

                              Defendant.
-------------------------------------------------------X

## CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT

      WHEREAS, Plaintiff Kevin Gerien ("Plaintiff") and Defendant 245 Associates ("Defendant") desire to resolve this matter without further litigation or adjudication; and

      WHEREAS, Plaintiff, Defendant, and any of their attorneys, understand and agree that Defendant denies each and every allegation of wrongdoing asserted in this litigation including, but not limited to, all such allegations contained in Plaintiff's Complaint, Plaintiff's Amended Complaint, and/or in any other papers filed or served by or on behalf of Plaintiff in this action; and

      WHEREAS, Plaintiff and Defendant (collectively referred to hereinafter as the "Parties") understand and agree that neither the making of this Confidential Negotiated Settlement Agreement, nor anything contained herein shall, in any way, be construed or considered to be an admission by Defendant of a violation or non-compliance with any policy or procedure of Defendant, federal, state, or local statute, constitution, public policy, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

      WHEREAS, the Court has made no findings as to the merits of this action; and

WHEREAS, Plaintiff, with full advice of counsel, and after a reasonable period of time to consider this Confidential Negotiated Settlement Agreement, freely and voluntarily enters into this Confidential Negotiated Settlement Agreement and has executed the General Release attached hereto as Exhibit "A," in exchange for the promises by Defendant herein; and

WHEREAS, the terms and implications of this Confidential Negotiated Settlement Agreement and the attached General Release have been explained to the Parties by their respective counsel; and

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED PARTIES THAT:

1. In exchange for the promises made by Defendant in Paragraph "2" below:

(a) Plaintiff authorizes his counsel to execute and deliver to Defendant this Confidential Negotiated Settlement Agreement and the General Release attached as Exhibit "A" (referred to hereinafter as "the General Release") and authorizes his attorneys to execute the Stipulation And Order Of Final Dismissal With Prejudice attached hereto as Exhibit "B" ("Stipulation And Order");

(b) Plaintiff shall withdraw, in writing and with prejudice, all complaints, suits, actions, charges, claims and/or other legal proceedings he has instituted against Defendant and any Releasee identified in this Confidential Negotiated Settlement Agreement including, but not limited to, Plaintiff's claims in the above-captioned action against Defendant pending in the United Stated District Court for the Southern District of New York, Case No. 10 Civ. 8109 (LTS)(MHD) (referred to hereinafter as the "Lawsuit"). Plaintiff authorizes his counsel to execute the Stipulation And Order attached hereto as Exhibit "B." Plaintiff affirms that he has not instituted any complaint, suit, action, charge or other proceeding against

2

Defendant or any Releasee (identified herein) that currently is pending other than this Lawsuit. If for any reason any complaint, suit, action, charge, claim or other proceeding Plaintiff has instituted against Defendant or any Releasee (identified herein) is not wholly and finally dismissed with prejudice, Plaintiff shall not voluntarily testify, provide documents or otherwise participate, or permit others to participate on his behalf, in any such litigation, investigation or other proceeding arising therefrom or associated therewith, and he shall not obtain or accept any recovery or relief therefrom;

    (c) Except as may be prohibited by statute, Plaintiff shall not institute or be represented in, nor shall he submit or file, or permit to be submitted or filed on his behalf, any lawsuit, charge, claim, complaint or other legal action or proceeding against Defendant, its parent corporations, subsidiaries, divisions, affiliates and insurers, and the current and former employees, officers, directors, trustees, administrators, executors, agents, legal representatives, employee benefit plans, fiduciaries, shareholders, predecessors, successors and assigns of each, both individually and in their official capacities (collectively referred to herein as "Releasees"), based upon any conduct occurring up to and including the date Plaintiff executes this Confidential Negotiated Settlement Agreement and the General Release attached hereto as Exhibit "A," whether an individual action or a class action, with any administrative agency, court or other forum, under any federal, state, city, local or other laws, rules, regulations, codes or guidelines.  After consultation with counsel, Plaintiff knowingly and voluntarily releases and forever discharges Defendant and Releasees of and from any and all claims, known or unknown, that Plaintiff has or may have consistent with the terms of the General Release (attached hereto as Exhibit "A") which shall be executed by Plaintiff;

(d) Neither Plaintiff nor any of his representatives, including, but not limited to his immediate family and counsel of record, shall publicize or disclose to any person or entity, any allegations of wrongdoing or other inappropriate conduct alleged in the above-captioned action, or any other claims of wrongdoing against Defendant, or the circumstances or details of any proceeding instituted before any administrative agency or court based upon such allegations, except insofar as permitted or required by applicable law. Neither Plaintiff nor any of his representatives, including, but not limited to his immediate family and counsel of record, shall publicize or disclose to any person or entity, other than Plaintiff's tax preparers, immediate family, or to an appropriate governmental taxing authority, any of the terms of this Confidential Negotiated Settlement Agreement and the General Release attached hereto as Exhibit "A." Upon inquiry regarding the Lawsuit, Plaintiff and/or his representatives shall state only that it has been resolved. Plaintiff understands and agrees that violation of this paragraph will constitute a material breach of this Confidential Negotiated Settlement Agreement, which will cause Defendant to suffer immediate, substantial and irreparable injury, and which will be a sufficient basis for a court to award injunctive relief and monetary damages to Defendant without affecting the remainder of this Confidential Negotiated Settlement Agreement or the General Release attached hereto as Exhibit "A";

(e) Plaintiff shall not, in any way, assist any individual in commencing or prosecuting any action or proceeding against Defendant or any Releasee, including, but not limited to, any complaint and/or any lawsuit, counter-claim, or cross-claim in federal, state or local court, or arbitration proceeding, or in any way participate or cooperate in any such action or proceeding, and shall not accept any relief or recovery therefrom. This prohibition applies to every stage of any proceeding, including any charge, complaint, trial, pretrial preparation, pre-

litigation fact gathering, and bars Plaintiff from testifying, providing documents or information, advising, counseling or providing any other form of assistance to any person who wishes to make or who is making any claim against Defendant or any Releasee, except in an investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, any other agency of the United States government, by order of a court of competent jurisdiction, or if otherwise prohibited by law. Plaintiff will not disclose confidential information covered by the terms of this Confidential Negotiated Settlement Agreement without being directed to do so by court order. If Plaintiff is served with a subpoena or court order which may require him to disclose information deemed confidential pursuant to this Confidential Negotiated Settlement Agreement, he will notify Defendant's legal counsel, Michelle E. Phillips, Esq., Jackson Lewis LLP, One North Broadway, Suite 1502, White Plains, New York, 10601, Facsimile 914-328-1882. Such notice shall be provided by Plaintiff in writing within two (2) business days, so that Defendant and/or the Releasees may take any action they deem appropriate regarding the subpoena or court order;

       (f)    Plaintiff understands and agree that the Settlement Amount (described in Paragraph "2" below) is in full satisfaction of and exceeds any and all obligations Defendant may have with respect to Plaintiff's claims for unpaid back wages, liquidated damages, costs, interest, expenses, and attorneys' fees under the Fair Labor Standards Act, the wage and hour provisions of the New York Labor Law and any other applicable federal, state or local wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date each Plaintiff executes the General Release attached as Exhibit A. Plaintiff affirms that, with the consideration specified in Paragraph "2" below, he has been paid and/or have received all compensation, wages, bonuses, commissions, severance, sick leave, vacation, personal or

other paid time off, and/or any other benefits to which he was entitled from Defendant. Plaintiff further affirms that: (1) he has received all leave to which he was entitled under any federal, state, city or local family/medical, human rights, disability leave and/or disability accommodation law; (2) he has no known workplace injuries or occupational diseases for which he has not already filed a claim for workers' compensation; and (3) he has not been retaliated against for reporting any allegations of wrongdoing or fraud against Defendant, any of Defendant's officers or any other Releasee. Plaintiff also affirms that all of Defendant's decisions regarding Plaintiff's pay and benefits during his employment through the date of his separation of employment were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law. Due to differences with Defendant, Plaintiff agrees he will not apply in the future for employment with Defendant; and

      g.    Plaintiff agrees he will not make any comments that would be considered, in any manner, disparaging to the Releasees.

      2.    In exchange for the promises made by Plaintiff contained herein and in the attached General Release, Defendant agrees as follows:

      (a)    Defendant agrees to cause Plaintiff to be paid the total sum of Eight Thousand Dollars and No Cents ($8,000.00) (the "Settlement Amount"). The Settlement Amount will be paid in the following manner: (a) one check payable to "Kevin Gerien" in the amount of Two Thousand Five Hundred Twenty Dollars and Seventy-One Cents ($2,520.71), less lawful withholdings, as payment for alleged back wages for which Plaintiff will be issued an IRS Form W-2; (b) one check payable to "Kevin Gerien" in the amount of Two Thousand Five Hundred Twenty Dollars and Seventy Cents ($2,520.70), as payment for alleged liquidated damages for which Plaintiff will be issued an IRS Form 1099; and (c) one check payable to

6

"Law Offices of William Cafaro, as attorneys for Kevin Gerien" in the amount of Two Thousand Nine Hundred Fifty-Eight Dollars and Fifty-Nine Cents ($2,958.59), as payment for alleged attorneys' fees for which Plaintiff and Plaintiff's attorneys will be issued an IRS Form 1099. (Law Offices of William Cafaro's Tax Id number is 112962163).

(b)     The Settlement Amount will be sent to the offices of Plaintiff's counsel within twenty (20) business days after defense counsel's receipt of two originals of this Agreement and the General Release attached hereto as Exhibit A, properly executed, and the Stipulation And Order Of Dismissal With Prejudice attached hereto as Exhibit B executed by Plaintiff's Counsel, and provided Plaintiff has not revoked his acceptance of this Agreement or the General Release attached hereto as Exhibit A.  Plaintiff's counsel agrees to hold the settlement checks in escrow pending the Parties' submission of the Stipulation And Order Of Dismissal With Prejudice and until the Court has "So Ordered" the Parties' Stipulation And Order of Dismissal With Prejudice.

(c)     Plaintiff agrees that he is responsible for the payment of any taxes, interest, penalties and other liabilities or costs that may be assessed upon the Settlement Amount except the employer's portions of FICA taxes.  Plaintiff further agrees to indemnify and hold Defendant harmless against the payment of any taxes, interest, penalties and other liabilities or costs that may be assessed in connection with Defendant's failure to withhold any portions of the Settlement Amount pursuant to the terms of this Confidential Negotiated Settlement Agreement. Should Plaintiff fail to indemnify and hold Defendant harmless against the payment of any taxes, interest, penalties and other liabilities or costs that may be assessed upon the payment of the Settlement Amount, and Defendant is required to enforce any of the provisions of this Paragraph,

Plaintiff agrees to reimburse Defendant for the reasonable attorneys' fees and costs Defendant incurs in obtaining and enforcing such indemnification.

        3.    Plaintiff understands and agrees that Defendant would have asserted various defenses to the claims alleged in the instant lawsuit. Plaintiff hereby agrees and acknowledges that this Confidential Negotiated Settlement Agreement is a "no fault" settlement in light of disputed claims, and that nothing contained herein (or in the attachments to this document) shall constitute or be treated as an admission of any liability or wrongdoing by Defendant. Plaintiff further understands and agrees that he would not be entitled to receive the monies specified in Paragraph "2" above, except for his execution of this Confidential Negotiated Settlement Agreement and the General Release attached hereto as Exhibit "A," and his authorization to have his attorney execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as Exhibit "B," and his fulfillment of all the promises contained herein and in the General Release.

        4.    This Confidential Negotiated Settlement Agreement shall not be filed with the Court. The Parties agree that this Confidential Negotiated Settlement Agreement may only be used as evidence in a subsequent proceeding in which any of the Parties allege a breach of this Confidential Negotiated Settlement Agreement.

        5.    The Lawsuit shall be dismissed, in its entirety and with prejudice to Plaintiff, upon the Parties' execution of the Stipulation And Order and the Court having "So Ordered" the same. Upon receipt of the fully executed Confidential Negotiated Settlement Agreement, the Stipulation And Order in the form attached hereto as Exhibit "B," and the fully executed General Release attached hereto as Exhibit "A," Defendant or its agent shall send a copy of this Confidential Negotiated Settlement Agreement to the Court for an *in camera* review

(to be returned and not to be filed) with a cover letter jointly requesting that the Court approve and "So Order" the Stipulation And Order proposed by the Parties.

6. The Settlement Amount described in Paragraph "2" above shall be inclusive of attorneys' fees, costs and disbursements and there shall be no application to any Court or other authority by any party or by their attorneys for attorneys' fees, costs and/or disbursements.

7. This Confidential Negotiated Settlement Agreement may not be modified, altered or changed, except upon express written consent of all Parties.

8. This Agreement and the General Release attached hereto as Exhibit A shall be governed and conformed in accordance with the laws of the State of New York, without regard to the State's conflict of laws provisions or any federal common law conflict of laws principles. The Parties expressly consent that any action or proceeding relating to the enforcement of this Agreement and/or to the enforcement of the General Release attached hereto as Exhibit A will only be brought in a court located in the State of New York, and that any such action or proceeding will be heard without a jury or an advisory jury. The Parties expressly waive their right to bring any such action or proceeding in any other jurisdiction, or to have any such action or proceeding heard before a jury or an advisory jury. Should any provision of this Confidential Negotiated Settlement Agreement and/or the General Releases be declared illegal or unenforceable by any court of competent jurisdiction, and such provision cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Confidential Negotiated Settlement Agreement and the General Releases in full force and effect

9.     This Confidential Negotiated Settlement Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between Plaintiff and Defendant. Plaintiff acknowledges he has not relied on any representations, promises or agreements of any kind made to him in connection with his decision to sign this Confidential Negotiated Settlement Agreement, except for those set forth in this Confidential Negotiated Settlement Agreement.

10.    Each of the Parties has participated in negotiating and drafting this Agreement, the General Release attached hereto as Exhibit A and the Stipulation And Order Of Dismissal With Prejudice attached hereto as Exhibit B after consulting with legal counsel. Accordingly, no Party shall maintain that the language of this Agreement, the General Release attached hereto as Exhibit A and/or the Stipulation And Order Of Dismissal With Prejudice attached hereto as Exhibit B should be construed in any way by reason of the other Party's putative role as the drafter of any of these documents. For example, no ambiguity in any of these documents, if any, shall be construed against any Party based upon any claim that any Party drafted the ambiguous language.

11.    This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one agreement binding on all parties hereto, notwithstanding that all parties have not signed the same counterpart.

**PLAINTIFF HEREBY CONFIRMS THAT HE HAS BEEN AFFORDED TWENTY-ONE (21) DAYS TO CONSIDER THIS CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT AND THE GENERAL RELEASE ATTACHED HERETO AS EXHIBIT A, THAT HE HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS CONFIDENTIAL NEGOTIATED**

SETTLEMENT AGREEMENT AND THE GENERAL RELEASE, AND HE HAS CONSULTED WITH COUNSEL OF HIS CHOOSING REGARDING THIS CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT AND THE GENERAL RELEASE.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT AND GENERAL RELEASE, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAYS CONSIDERATION PERIOD.

PLAINTIFF MAY REVOKE THIS AGREEMENT AND THE ATTACHED GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY HE SIGNS THIS AGREEMENT AND GENERAL RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO MICHELLE E. PHILLIPS, ESQ., JACKSON LEWIS LLP, ONE NORTH BROADWAY, 15TH FLOOR, WHITE PLAINS, NEW YORK 10601, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT AND GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO MS. PHILLIPS OR HER DESIGNEE, OR MAILED TO MICHELLE E. PHILLIPS, ESQ., JACKSON LEWIS LLP, ONE NORTH BROADWAY, 15TH FLOOR, WHITE PLAINS, NEW YORK 10601 AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER THE DAY PLAINTIFF SIGNS THIS AGREEMENT AND GENERAL RELEASE.

HAVING ELECTED TO EXECUTE THIS CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT AND THE GENERAL RELEASE

ATTACHED HERETO AS EXHIBIT A, TO FULFILL THE PROMISES SET FORTH HEREIN THAT PERTAIN TO HIM, AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH "2" ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH COUNSEL, VOLUNTARILY ENTERS INTO THIS CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT AND THE ACCOMPANYING GENERAL RELEASE.

IN WITNESS WHEREOF, the undersigned Parties hereto, and through their respective undersigned counsel, knowingly and voluntarily executed this Confidential Negotiated Settlement Agreement as of the dates set forth below:

_____March 25 2011_____  
Date

PLAINTIFF: _____  
Kevin Gerien

_____3/25/11_____  
Date

ATTORNEYS FOR PLAINTIFF:  
By: _____  
William Cafaro  
Law Offices of William Cafaro  
19 West 44th Street, Suite 1500  
New York, New York 10036

_3/31/11_  
Date

245 ASSOCIATES

By: _/s/ Edward M. Teitelbaum/_  
Edward M. Teitelbaum  
Manager

*ATTORNEYS FOR DEFENDANT:*

_3/30/11_  
Date

By: _/s/ Michelle Phillips/_  
Michelle E. Phillips  
Michael A. Frankel  
JACKSON LEWIS LLP  
One North Broadway, Suite 1502  
White Plains, New York 10601  
(914) 328-0404

13

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KEVIN GERIEN,

                                  Plaintiff,          Case No.: 10-cv-08109 (LTS) (MHD)

        -against-

245 ASSOCIATES,

                                  Defendant.
-------------------------------------------------------X

## GENERAL RELEASE

        TO ALL IN WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT PLAINTIFF KEVIN GERIEN, AS RELEASOR, in consideration of the promises made by Defendant 245 Associates ("Defendant"), on behalf of itself, its parent corporations, subsidiaries, divisions, affiliates and insurers, and the current and former employees, officers, directors, trustees, administrators, executors, agents, legal representatives, employee benefit plans, fiduciaries, shareholders, predecessors, successors and assigns of each, both individually and in their official capacities (collectively referred to herein as "RELEASEES"), to provide RELEASOR, through his counsel, with the Settlement Amount and other articulated consideration, in the manner and within the time periods described in Paragraph "2" of the Parties' Confidential Negotiated Settlement Agreement; in return for RELEASOR'S complete release of all statutory, contract, tort and all other claims against RELEASEES; releases and forever discharges RELEASEES to the fullest extent permitted by law from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, obligations, grievances, claims, charges, complaints, claims for attorneys' fees and/or costs, and demands whatsoever, in law or in equity,

known or unknown, which RELEASOR, RELEASOR'S heirs, executors, administrators, successors and/or assigns may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever against RELEASEES based upon any conduct occurring from the beginning of the world up to and including the day of the date of this GENERAL RELEASE including, but not limited to: any claims arising under or pursuant to the United States Constitution, the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988, the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161 et seq., I.R.C. § 4980B, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq., the False Claims Act, 31 U.S.C. § 3729 et seq., the New York State Constitution, the New York Human Rights Law, New York Executive Law § 290 et seq., the New York City Human Rights Law, New York City Charter and Administrative Code, Title VIII, § 8-107 et seq., the New York Civil Rights Law, New York Civil Rights Law § 1 et seq., the New York Equal Pay Law, New York Labor Law §§ 194-198, the New York Whistleblower Law, New York Labor Law § 740 et seq., the New York Legal Activities Law, New York Labor Law § 201-d, the non-discrimination and/or anti-retaliation provisions of the New York Workers' Compensation Law, New York Workers' Compensation Law § 120 and § 125 et seq., New York Labor Law § 190 et seq., the New York occupational safety and health laws, the New York wage-hour and wage-payment laws, and/or any other federal, state, city, local or other human

2

rights, civil rights, wage-hour, wage-payment, immigration, pension, employee benefits, labor, employment or other laws, rules, regulations, codes, guidelines, constitutions, ordinances, public policy, contract laws or tort laws; any claim for employment discrimination, harassment, retaliation, wrongful termination, constructive discharge, refusal to hire, pain and suffering, mental anguish, breach of contract (whether or written, express or implied), promissory estoppel, lost wages and/or incentive compensation, lost employee benefits, lost future wages and/or incentive compensation, lost future employee benefits, compensatory damages, liquidated damages, punitive damages, incidental damages, special damages, interest, attorneys' fees and/or costs; any claim arising under the common law; and/or any other action or proceeding; and shall not seek or accept any award or settlement from any such source or proceeding. However, nothing in this GENERAL RELEASE will prohibit RELEASOR from instituting legal proceedings to enforce the terms of the Parties' Confidential Negotiated Settlement Agreement.

RELEASOR hereby confirms that he has been afforded twenty-one (21) days to consider the Parties' Confidential Negotiated Settlement Agreement and this General Release, and he has been advised in writing to consult with an attorney of RELEASOR'S choosing prior to executing the Confidential Negotiated Settlement Agreement and this General Release. RELEASOR may revoke the accompanying Confidential Negotiated Settlement Agreement and this General Release for a period of seven (7) calendar days following the day RELEASOR signs the accompanying Confidential Negotiated Settlement Agreement and this General Release. Any revocation within this period must be submitted, in writing to, Michelle E. Phillips, Esq., Jackson Lewis LLP, One North Broadway, 15th Floor, White Plains, New York 10601, and state, "I hereby revoke my acceptance of our agreement and general release." This revocation must be personally delivered to Ms. Phillips or her designee, or mailed to Michelle E. Phillips, Esq.,

Jackson Lewis LLP, One North Broadway, 15th Floor, White Plains, New York 10601, and postmarked within seven (7) calendar days after the day RELEASOR sign this General Release and the accompanying Confidential Negotiated Settlement Agreement.

RELEASOR agrees that any modifications, material or otherwise, made to this General Release or the accompanying Confidential Negotiated Settlement Agreement, do not restart or affect in any manner the original up to twenty-one (21) calendar day consideration period.

Having elected to execute the Confidential Negotiated Settlement Agreement and this General Release, to fulfill the promises set forth therein that pertain to RELEASOR, and to receive thereby the consideration set forth therein, RELEASOR freely and knowingly, and after due consideration and consultation with his counsel, Law Offices of William Cafaro, 19 West 44th Street, Suite 1500, New York, New York 10036, voluntarily enters into this General Release, intending to waive, settle and release any and all claims RELEASOR has or might have against RELEASEES.

This GENERAL RELEASE may only be changed by the mutual written agreement of RELEASOR and Defendant.

In Witness Whereof, RELEASOR has hereunto set his hand on the date set forth below:

_____
KEVIN GERIEN

STATE OF NEW YORK       )
                        ) SS.:
COUNTY OF New York      )

On 3\25, 2011 before me personally came Kevin Gerien, and acknowledged that he had read the foregoing GENERAL RELEASE and fully understood its terms and conditions, and executed the same as his free act and deed.

_____
Notary Public

ANDREAS GEROULAKIS
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY, LIC. #02GE6198541
COMM EXP 12/24/12

5

# EXHIBIT B